GEORGE SHAW, RESPONDENT, v. VERMONT MARBLE
COMPANY, APPELLANT.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellant, *Durand, Ivins & Carton* (*James D. Carton,* of counsel).

For the respondent, *Cook & Stout* (*William J. O'Hagan,* on the brief).

The opinion of the court was delivered by

DALY, J. The plaintiff obtained a verdict against the defendant in the Supreme Court, Monmouth Circuit, for personal injuries sustained while engaged as a foreman in the erection of a building in Asbury Park. The trial judge allowed a rule to show cause before the Supreme Court why the verdict entered should not be set aside and a new trial granted. In this case the rule specifically allowed the reservation of all exceptions taken at the trial as grounds of appeal.

The Supreme Court was asked to set aside the verdict because it was against the weight of evidence; because there was no evidence of negligence, and finally because it was

excessive. The court concluded that the proofs did not warrant them in setting aside the verdict for any of these reasons and discharged the rule.

Now the defendant asks this court to reverse and set aside the judgment entered on the verdict upon the following grounds: 1. Because the trial court should have granted the defendant's motion for a nonsuit. 2. Because the trial court should have granted the defendant's motion for a verdict in its favor. 3. Because the trial court erred in its charge to the jury. 4. Because the verdict was contrary to law.

When there has been a rule to show cause for a new trial for the reasons that the verdict was against the weight of evidence; that there was no evidence of negligence and finally because it was excessive, and these grounds have been urged and argued before the Supreme Court and the court has considered and decided them as it has done in this case, then exceptions taken at the trial for refusal to nonsuit or direct a verdict on the grounds there was no evidence of negligence upon the part of the defendant cannot be considered on appeal. *Boniewsky* v. *Polish Home,* 103 *N. J. L.* 323; *Catterall* v. *Otis Elevator Co.,* 103 *Id.* 381; *Noonan* v. *Great Atlantic and Pacific Tea Co.,* 104 *Id.* 136; *Cleaves* v. *Yeskel,* 104 *Id.* 497; *Overend* v. *Kiernan,* 105 *Id.* 112; *Jones* v. *U-Drive-It Co.,* 8 *N. J. Mis. R.* 356; *Klein* v. *Shryer,* 106 *N. J. L.* 432. These grounds—numbers one and two—are therefore futile.

The defendant asserts as its third ground of appeal that the court erred in its charge to the jury in that it misstated the evidence in an injurious way and made comments as to the effect to be given to parts of the evidence which were prejudicial to the defendant. We do not find this to be so. Besides, the judge was careful to tell the jury, and did so clearly and repeatedly, that their own recollection of the proofs and their own determination of the effect and force of the evidence must control. As to the error alleged in that the court charged the jury relative to the sum of $330 paid for medical treatment there was some evidence which made it the duty of the court to present this question to the jury.

The fourth ground of appeal, that the verdict was contrary to law, is so vague it is meaningless, and therefore is entitled to no consideration.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.